## STATE COURT OF APPEALS—Continued

### No. 389
### PERSONS v. BANK OF KNOBEL
Ohio Appeals, 9th Dist., Lorain County
No. 270.   Decided Feb. 14, 1924

1063. SALES—Measure of damages in sales contracts is regulated by 8449 GC.

481. EVIDENCE—A written exhibit speaks for itself and testimony as to what it consists of is erroneous.

FUNK, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

The Bank of Knobel brought an action on a contract for a carload of lumber shipped by Holton Lumber Co. to defendants at Elyria, Ohio.

The account was assigned by Holton Lumber Co. to the bank. Defendants answered by general denial and further alleged that they had bought two cars of lumber instead of one, and that Holton Lumber Co. shipped only one car to defendant's damage, by reason of which defendant owed nothing on the account, and further alleged that the assignment to the bank was made to avoid liability for damages by reason of failure to ship the second car and in an effort to collect for partial performance.

The bank in its reply set up a general denial and further, that defendants had violated the contract by refusing to pay for the first car. Judgment of the court below was for the plaintiff.

The evidence shows a contract for one car only. Defendant Persons testified that the lumber in the car was not of the kind of lumber provided for in the contract. Principal errors complained of are error in the charge and in the admission and rejection of evidence.

The court charged that "the measure of recoupment of damages in a case of this character is the difference between the contract price of the car of lumber ordered by the defendants and the value of the lumber actually delivered to them."

The court permitted testimony to be introduced on behalf of the bank, to the effect that the shipment was in "compliance" with the order, and further permitted a witness on behalf of the bank to testify as to what one of its exhibits in evidence consisted of. Held:

1. The trial court erred in its charge to the jury as to the measure of damages. The measure of damages for breach of warranty is fixed by the legislature in 8449(7) GC.

2. The trial court erred in permitted the bank's witness to testify that the order had been complied with and further, in permitting the bank's witness to testify what its written

invoice which was introduced in evidence, consisted of. The invoice speaks for itself.
Judgment reversed.
Attorneys—Fauver & Cheney, for Persons et; Findley & Myers, for Bank.

### No. 390
### STATE v. FORD MOTOR CO.
Ohio Appeals, 2nd Dist., Franklin County
No. 842.   Decided April 15, 1924

1283. WORKMEN'S COMPENSATION — Profit sharing system is part of wages and may be considered as payroll in determining premium it may collect for State insurance fund.

ALLREAD, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

Action by the State to recover premium under the Workmen's Compensation Law upon a portion of the payroll of the Ford Motor Co. omitted from its return. The Co. alleged the omissions were gratuities to employes not dependent on services, but resting upon the social, civic and home life of the several employes. The State contended that the payments were part of the wage system and took the place of old age pensions and welfare work furnished by similar companies. Under 1465-53 GC., providing for classification of employments by the State Liability Board of Awards, the premium rate is required to be fixed upon the basis of the total payroll and number of employes. In reversing the judgment and holding that the State should recover, the Court of Appeals said:

1. "We are of opinion that the so-called gratuities or profit-sharing must be held to be a part of the wage system. Too much cannot be said in favor of the plan, but under the statutes the State has the right to collect the premium upon the actual payroll, including the so-called profit-sharing payments."

Attorneys—C. C. Crabbe, Atty. Gen., and H. H. Griswold, Spec. Atty., for State; Vorys, Sater, Seymour & Pease, for Motor Co.